UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

SCOTT LADALE DOUGLAS,       )
                                   )
     *Petitioner*,          )
                                   )   No.:   1:17-CV-328
v.                               )
                                   )
UNITED STATES OF AMERICA,    )   Judge Collier
                                 )
     *Respondent*.        )

## MEMORANDUM OPINION

On November 28, 2017, Scott Ladale Douglas ("Petitioner") filed a timely pro se motion

to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the following grounds:

ineffective assistance of counsel; the Court abused its discretion at sentencing; a lesser sentence

would have been sufficient for justice; and the Court did not consider all the relevant factors under

18 U.S.C. § 3553(a) at sentencing.  (Doc. 1.)  The United States (the "Government") has responded

in opposition.  (Doc. 6.)  Petitioner has filed a timely reply.  (Doc. 9.)

For the reasons set out below, the Court will **DENY** Petitioner's 28 U.S.C. § 2255 motion.

## I.    BACKGROUND

Plaintiff's § 2255 motion concerns two federal criminal cases.

In 2001, Petitioner pleaded guilty and was convicted of distributing cocaine in Case No.

1:00-cr-159 in this Court (the "Prior Federal Case").  Petitioner was sentenced to one hundred

twenty months of imprisonment and eight years of supervised release.  (Doc. 21 in Case No. 1:00-

cr-159.)  Defendant was released from prison in 2009 and placed on supervised release.  (Doc. 29

at 7 in Case No. 1:16-cr-60.)  In April 2013, after modifying Petitioner's supervised release

conditions three times, this Court revoked Petitioner's supervised release and sentenced him to

eight months of imprisonment and five years of supervised release.  (*Id*. at 8.)  Petitioner's five-year term of supervised release began in November 2013.  (*Id*.)

On August 24, 2015, law enforcement discovered methamphetamine in Petitioner's car during a traffic stop.  (*Id*. at 3–4.)  Petitioner was arrested and charged in state court with possession of ice methamphetamine for resale due to the arrest.  (*Id.* at 11.)  On December 16, 2015, Petitioner was arrested and charged in state court for theft of a vehicle.  (*Id*.)  Based on these two arrests, this Court ordered Petitioner to serve six months of home detention for violating the terms of his supervised release in the Prior Federal Case.  (Doc. 43 in Case No. 1:00-cr-159.)  Petitioner failed to successfully complete the period of home detention, however.  (Doc. 29 at 9 in Case No. 1:16-cr-60.)  The probation office then petitioned this Court for a warrant, asserting Petitioner had violated numerous conditions of his supervised release.  (*Id*.)  In April 2016, this Court revoked Petitioner's supervised release in the Prior Federal Case and sentenced him to thirty months of imprisonment with no supervised release to follow.  (Doc. 51 at 1–2 in Case No. 1:00-cr-159.)

Four days after the April 2016 revocation hearing in the Prior Federal Case, a federal grand jury charged Petitioner with possession with intent to distribute at least five grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), based on the conduct underlying Petitioner's August 2015 state arrest (the "Current Federal Case").  (Doc. 1 in Case No. 1:16-cr-60.)  Petitioner pleaded guilty to a lesser-included offense of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  (Doc. 23 at 1 in Case No. 1:16-cr-60.)  The Presentence Report recommended Petitioner's sentence in the Current Federal Case run consecutively to the sentence imposed for the revocation of his supervised release in the Prior Federal Case.  (Doc. 29 at 15 in Case No. 1:16-cr-60 (citing USSG § 5G1.3, cmt.

n.4(C)).)[1]  This Court sentenced Petitioner to a guidelines sentence of sixty-four months of imprisonment to run consecutively to the thirty-month revocation sentence in the Prior Federal Case.  (Doc. 36 at 2–3 in Case No. 1:16-cr-60.)

Petitioner appealed the sentence in the Current Federal Case to the United States Court of Appeals for the Sixth Circuit.  (Doc. 39 in Case No. 1:16-cr-60.)  The Court of Appeals affirmed Petitioner's sentence as substantively reasonable.  (Doc. 44 at 4 in Case No. 1:16-cr-60.)

Petitioner filed a timely 28 U.S.C. § 2255 motion on November 28, 2017 presenting four grounds to vacate, set aside, or correct his sentence.  (Doc. 1.)  Petitioner: (1) raises a claim of ineffective assistance of counsel; (2) alleges this Court abused its discretion at sentencing; (3) alleges a lesser sentence would have been sufficient for justice; and (4) alleges this Court did not consider all the relevant factors under 18 U.S.C. § 3553(a) at sentencing.  (*Id.* at 4–8.)  The Government has responded in opposition.  (Doc. 6.)  Petitioner has filed a timely reply (Doc. 9), and this matter is now before the Court.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct a sentence when the sentence imposed was in violation of the Constitution or federal law, the court was without jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack.  To prevail on a § 2255 motion, the petitioner "must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact

---

[1]      [I]n cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked[,]… the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation."  USSG § 5G1.3, cmt. n.4(C).

or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citing *United States v. Addonizio*, 442 U.S. 178, 185–86 (1979)). Thus, "a petitioner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). This is in line with the historic meaning of habeas corpus, which is "to afford relief to those whom society has 'grievously wronged.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief[.]" *See* Rules Governing Section 2255 Proceedings in United States District Courts Rule 4(b).

If the motion is not summarily dismissed, Rule 8(a) of the Rules Governing Section 2255 Proceedings requires the district court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. *See* Rules Governing Section 2255 Proceedings in United States District Courts Rule 8(a). The burden for establishing entitlement to an evidentiary hearing is relatively light. *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018). If a petitioner presents a legitimate factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)).

An evidentiary hearing is not required, however, if "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Martin*, 889 F.3d at 832 (quoting *MacLloyd v. United States*, 684

4

F. App'x 555, 559 (6th Cir. 2017)). Nor does a petitioner's assertion of innocence, without more, entitle him to a hearing. *Martin*, 889 F.3d at 832.

## III. <u>DISCUSSION</u>

The Court will first consider Petitioner's claim of ineffective assistance of counsel. The Court will then consider Petitioner's remaining grounds together. The Court will then address whether an evidentiary hearing is required.

### A. Ground One: Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel arise from the following guarantee in the Sixth Amendment: "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance of counsel claims are governed by the two-prong test set forth in *Strickland.* To establish an ineffective assistance of counsel claim,

> [f]irst the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

"The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688. Petitioner bears the burden of showing ineffective assistance of counsel. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003). There is a strong presumption counsel's conduct was reasonable. *Strickland*, 466 U.S. at 689 (see *Sims v. Livesay*, 970 F.2d 1575, 1579–80 (6th Cir. 1992) ("The court should begin with a strong presumption that

5

counsel's conduct falls within the wide range of reasonable professional assistance") (internal quotations and citations omitted).  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691.

While both prongs must be established in order to meet Petitioner's burden, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id*. at 697.

In the guilty plea context, the prejudice requirement is satisfied if a petitioner shows a reasonable probability he would have proceeded to trial instead of pleading guilty if not for his counsel's deficient performance. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  To make such a showing, a petitioner is required to present evidence, apart from a lone assertion, that he would have gone to trial if not for his counsel's error. *Shropshire v. United States*, Nos. 1:12-cv-79, 1:10-cr-87, 2015 WL 1137031, at *3 (E.D. Tenn. Mar. 12, 2015) (citing *Hodges v. Colson*, 727 F.3d 517, 539 (6th Cir.2013) ("A self-serving statement . . . cannot establish a reasonable probability that [the petitioner] would have pled not guilty but for the advice of counsel, where all objective evidence points unequivocally to the contrary.")

Here, Petitioner contends his counsel allowed him to plead guilty without ensuring Petitioner possessed a "complete understanding of the complicated charges against him" and the sentence "his guilty plea would result in." (Doc. 1 at 4.)  Petitioner further contends his counsel failed to "properly inform" Petitioner he was facing "multiple prosecutions for essentially the same crime," because he was charged with both a supervised release violation and a separate drug

6

offense.  (Doc. 2 at 2.)  The Government contends Petitioner has not proven counsel was constitutionally ineffective.  (Doc. 6 at 4–6.)

Petitioner's claim can be resolved on the ground of lack of sufficient prejudice without addressing his counsel's performance, pursuant to the standards of *Strickland.*

Even if Petitioner's counsel's actions are deemed unreasonable under the prevailing professional norms, Petitioner does not meet the standards of the prejudice element laid out in *Strickland* and subsequent cases.  Petitioner has not provided any affidavits or other evidence to support the claim his counsel's alleged error prejudiced the Petitioner.  Petitioner has only filed a § 2255 motion, a memorandum of law in support of the § 2255 motion, and a reply to the government's opposition to the § 2255 motion which contain lone assertions and self-serving statements with no evidentiary support.  Petitioner thus does not present evidence, apart from lone assertions and self-serving statements, suggesting but for counsel's error Petitioner would have pleaded not guilty and gone to trial.

The record instead shows Petitioner was aware of the penalties he would face if he pleaded guilty.  The plea agreement Petitioner signed lists the penalties for agreeing to plead guilty to the methamphetamine offense as "imprisonment of not more than 20 years; supervised release for at least 3 years and up to life[.]"  (Doc. 23 at 1 in Case No. 1:16-cr-60.)  The plea agreement also states "[t]he Court may impose any lawful term(s) of imprisonment[.]"  (*Id*. at 4.)  Furthermore, the plea agreement states "[a]ny estimates or predictions made to the defendant by defense counsel… are not binding on the Court…," and "[t]he defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and *pursuant to other factors and guidelines as set forth in the*

*Sentencing Guidelines* and the factors set forth in 18 U.S.C. § 3553." (*Id*. at 4–5 (emphasis added).)

In addition to the statements in the plea agreement, during the plea colloquy in open court and while under oath, Petitioner stated he wished to plead guilty knowing the penalties associated with pleading guilty. (Doc. 42 at 6–8 in Case No. 1:16-cr-60.) Petitioner also acknowledged under oath the sentence imposed by the court might be different than the sentence his counsel suggested he might receive. (*Id*. at 10–12.) "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Additionally, a "defendant is bound by his statements in response to [a] court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (internal quotations and citations omitted).

During the sentencing hearing, Petitioner reaffirmed his understanding of the charge against him and the potential sentence of the Court based on his reading, review, and acceptance of the presentencing report which contained the recommendation the sentences run consecutively. (Doc. 43 at 2–3 in Case No. 1:16-cr-60.)

This district has recently addressed a similar situation in *Taylor v. United States*, which this Court finds persuasive here. *Taylor v. United States*, Nos. 2:18-CV-107, 2:16-CR-045, 2020 WL 3967663 (E.D. Tenn. July 13, 2020). In *Taylor*, the court rejected one of the petitioner's claims of ineffective assistance of counsel. *Id*. at *4–5. The petitioner alleged one of her attorneys did not review the plea agreement with her until the day of the plea hearing, in addition to promising her a forty-two-month sentence. *Id*. at *4. However, the record revealed this attorney no longer represented the petitioner at the time of her change of plea hearing, and Petitioner

affirmed at the change of plea hearing that one of her attorneys had adequately reviewed the plea agreement with her, contradicting the petitioner's claim her attorney did not review the plea agreement with her until the day of the plea. *Id.* The court also held the petitioner's sworn statements at the change of plea hearing and her statements of understanding at sentencing contradicted her allegations of having been promised a forty-two-month sentence. *Id.* Thus, the court dismissed the petitioner's claim of ineffective assistance of counsel. *Id.* at *5.

The case at hand is very similar to *Taylor*. Both petitioners accuse their counsel of ineffective assistance for misrepresenting possible sentences for the charges against them. Additionally, the records in both cases show the petitioners were advised of the charges against them and the possible sentences they faced in their plea hearings. Both petitioners pleaded guilty to the charges and confirmed their understanding of the circumstances at their sentencings.

Even assuming Petitioner's counsel made misrepresentations to him about possible sentences, Petitioner could not have been prejudiced by them, since he was properly advised on the potential penalties he faced, and he agreed this Court could impose any lawful sentence pursuant to the sentencing guidelines in open court. Petitioner's claim of ineffective assistance of counsel will be **DISMISSED**.

### B. Grounds Two, Three and Four: Previously Litigated Claims

Petitioner next claims the Court abused its discretion at sentencing; a lesser sentence would have been sufficient for justice; and the Court did not consider all the relevant factors under 18 U.S.C. § 3553(a) at sentencing.

A claim previously litigated on direct appeal cannot be the basis for collateral relief absent exceptional circumstances. *Giraldo v. United States*, No. 94-2460, 1995 WL 290354 at *2 (6th Cir. May 11, 1995) ("It is well settled that a § 2255 motion may not be employed to relitigate an

9

issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law.")

The Court of Appeals addressed Petitioner's second, third, and fourth grounds on appeal. (Doc. 44 at 3–4 in Case No. 1:16-cr-60.) In Petitioner's § 2255 motion, Petitioner concedes he raised his second and third grounds (the Court abused its discretion at sentencing and a lesser sentence would have been sufficient for justice) on direct appeal, and the Court of Appeals addressed and rejected them. (Doc. 1 at 6–7.) Petitioner's fourth ground (the Court did not consider all the relevant factors under 18 U.S.C. § 3553 at sentencing) was also addressed by the Court of Appeals. (Doc. 44 at 3–4 in Case No. 1:16-cr-60.) Specifically, the Court of Appeals addressed the relevant 18 U.S.C. § 3553 factors and addressed the Residential Drug Abuse Program and Petitioner's intensive outpatient treatment, as well as his drug addiction and family's history of substance abuse, all of which Petitioner raised in his corrected brief on appeal. (Doc. 18 at 4 in Case No. 17-5219.) Accordingly, the second, third, and fourth grounds in Petitioner's 2255 motion are barred from consideration, since they were raised and considered on appeal, and Petitioner states no highly exceptional circumstances to warrant their consideration.

### C.     Evidentiary Hearing

An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Martin*, 889 F.3d at 832 (quoting *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017). The Court concludes Petitioner is not entitled to an evidentiary hearing because his first claim is contradicted by the record and consists merely of conclusory statements devoid of supporting facts, and the remaining claims are barred from consideration because they were previously litigated on direct appeal.

10

## IV.    CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   The Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing reasonable jurists would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."  *Id.*

Here, no reasonable jurists could conclude Petitioner's claims deserve further review. For the first claim, Petitioner has failed to make a substantial showing of the denial of a constitutional right and reasonable jurists would not debate the Court's finding that Petitioner is not entitled to relief under § 2255. Additionally, Petitioner's other three claims are plainly barred by a procedural rule and a reasonable jurist could not conclude either the Court erred in dismissing the petition or the Petitioner should be allowed to proceed further. For these reasons, the Court will **DENY** issuance of a certificate of appealability.

## V.    CONCLUSION

For the reasons discussed above, a hearing is unnecessary and Petitioner's § 2255 motion (Doc. 1) will be **DENIED**.

**An appropriate order shall enter.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

Case 1:17-cv-00328-CLC-CHS   Document 11   Filed 08/04/20   Page 12 of 12   PageID #: 62